UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHERYL R. SUNDAY,<br><br>       Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>       Defendant. | No. CV-07-3085-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on October 13, 2008. (Ct. Rec. 16, 21). Attorney Thomas A. Bothwell represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) On August 20, 2008, Plaintiff filed a reply. (Ct. Rec. 23.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 21) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 16.)

### JURISDICTION

Plaintiff filed applications for SSI benefits on April 26, 2004, and for disability insurance benefits (DIB) on June 9, 2004

(Tr. 313), alleging onset as of July 1, 2003.  (Tr.94-96, 309-312.)  The applications were denied initially and on reconsideration. (Tr. 40-44, 314-317A.)    Administrative Law Judge (ALJ) Mary Bennett Reed held a hearing on September 11, 2006. (Tr. 319-361.)  Plaintiff, represented by counsel, medical expert R. Thomas McKnight, Ph.D., and vocational expert Dennis J. Elliott testified.  Following and based on Dr. McKnight's testimony, the ALJ ordered a consultative examination of plaintiff by Emma Billings, Ph.D., after the hearing.  (Tr. 80, Exhibit 15F.) The ALJ submitted interrogatories to Dr. McKnight with Dr. Billings' report.  (Tr. 84.)  On March 22, 2007, the ALJ issued a decision finding that plaintiff was not disabled.  (Tr. 17-34.)   The Appeals Council denied a request for review on July 26, 2007. (Tr. 5-7.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 1, 2007. (Ct. Rec. 1,4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 47 years old on the date of the decision.  She earned a GED and completed one year of college, resulting in obtaining an accounting certificate.  (Tr. 117, 128, 271, 350.) Plaintiff has past work as a greeter, pizza deliverer, sorter, and cashier.  (Tr. 329; 338-339.)  She alleges disability as of July

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 2 -

1, 2003, due to concentration problems, depression, frequent panic

attacks, and headaches.  (Tr. 111, 118, 340-346.)

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability"

as the "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than

twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

Act also provides that a Plaintiff shall be determined to be under

a disability only if any impairments are of such severity that a

plaintiff is not only unable to do previous work but cannot,

considering plaintiff's age, education and work experiences,

engage in any other substantial gainful work which exists in the

national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Thus, the definition of disability consists of both medical and

vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156

(9th Cir. 2001).

The Commissioner has established a five-step sequential

evaluation process for determining whether a person is disabled.

20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person

is engaged in substantial gainful activities.  If so, benefits are

denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If

not, the decision maker proceeds to step two, which determines

whether plaintiff has a medically severe impairment or combination

of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 4 -

impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001).  The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim.  42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F. 3d 1240, 1245 (9th Cir. 1998).  If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability.  20 C.F.R. §§ 404.1535 and 416.935.  If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the

determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by

substantial evidence will still be set aside if the proper legal

standards were not applied in weighing the evidence and making the

decision. *Brawner v. Secretary of Health and Human Services*, 839

F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial

evidence to support the administrative findings, or if there is

conflicting evidence that will support a finding of either

disability or nondisability, the finding of the Commissioner is

conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.

1987).

## ALJ'S FINDINGS

At the outset, the ALJ found plaintiff met the DIB

requirements through September 30, 2007. (Tr. 17.) The ALJ found

at step one that plaintiff has not engaged in substantial gainful

activity since onset. (Tr. 20.) At steps two and three, the ALJ

found that plaintiff suffers from marijuana abuse/addiction and

marijuana-induced anxiety disorder, impairments that are severe

but which do not alone or combination meet or medically equal a

Listing impairment. (Tr. 20-21.) Prior to step four, the ALJ

found plaintiff has no exertional limitations. (Tr. 20.) When

substance abuse is considered, plaintiff's mental impairments

cause moderate impairment in the ability to: (1) remember

locations and work-like procedures; (2) understand, remember and

carry out detailed instructions; (3) perform activities within a

schedule, maintain regular attendance, and be punctual within

customary tolerances; (4) work in coordination with or proximity

to others without being distracted by them; (5) complete a normal

workday and workweek without interruptions from psychologically

based symptoms; (6) perform at a consistent pace without an
unreasonable number and length of rest periods; (6) accept
instructions and respond appropriately to criticism from
supervisors; (7) get along with co-workers or peers without
distracting them or exhibiting behavioral extremes; (8) respond
appropriately to changes in the work setting; and (9) set
reasonable goals or make plans independently of others.  (Tr. 21.)
The ALJ found plaintiff less than completely credible.  (Tr. 24-
30.)  At step four,  the ALJ found that when substance abuse is
included, plaintiff is unable to perform her past relevant work.
(Tr. 31.)  At step five, the ALJ found that with substance abuse,
there are no other jobs plaintiff could perform.  (Tr. 31-32.)
Because the ALJ found plaintiff incapable of work, she was
disabled.  The ALJ then considered, pursuant to *Bustamante v.*
*Massanari*, if plaintiff would be disabled if she stopped abusing
substances.  (Tr. 33.)  The ALJ concluded at step two that
plaintiff would have no severe impairments or combination of
impairments preventing employment if substance abuse stopped.
(*Id.*) Accordingly, the ALJ found that plaintiff is not disabled as
defined by the Social Security Act.

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of
law by failing to properly credit the opinion of (1) treating
physician Karen Thomas, M.D.; (2) examining psychologist
Jacqueline Sallade, Ed. D.; (3) treating physician Cyrill Puhalla,
M.D.; (4) treating therapist Sylvia Macias, and therapist Melissa
Morfin; and (5) treating nurse practitioner Anne English, ARNP.

(Ct. Rec. 17 at 1, 5-14.)  Plaintiff alleges the ALJ improperly credited the opinion of examining psychologist Emma Billings, Ph.D., and of testifying expert R. Thomas McKnight, Ph.D., whose opinions were entitled to less weight. Plaintiff alleges the ALJ also erred in her alternative step two analysis by finding no severe impairment when substance abuse is excluded.  (Ct. Recs. 17 at 15-19, 23 at 1-2.)

The Commissioner responds that the ALJ appropriately weighed the medical evidence of psychological impairment and asks the Court to affirm the decision.  (Ct. Rec. 22 at 6-10).  Plaintiff's second argument is subsumed by the first.

DISCUSSION

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th

Cir. 1989).  However, the treating physician's opinion is not

"necessarily conclusive as to either a physical condition or the

ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,

751 (9th Cir. 1989) (citations omitted).  More weight is given to

a treating physician than an examining physician.  *Lester v.*

*Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more

weight is given to the opinions of treating and examining

physicians than to nonexamining physicians.  *Benecke v. Barnhart*,

379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining

physician's opinions are not contradicted, they can be rejected

only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.

If contradicted, the ALJ may reject an opinion if he states

specific, legitimate reasons that are supported by substantial

evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44

F. 3d 1435, 1463 (9th Cir. 1995).

     In addition to the testimony of a nonexamining medical

advisor, the ALJ must have other evidence to support a decision to

reject the opinion of a treating physician, such as laboratory

test results, contrary reports from examining physicians, and

testimony from the claimant that was inconsistent with the

treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747,

751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

Cir. 1995).

     Plaintiff contends that the ALJ failed to properly credit

the opinion of treating physician Dr. Thomas that plaintiff's

primary diagnosis is depression, and secondarily, anxiety.  (Ct.

Rec. 17 at 8-9, referring to ALJ at 23-24.)  The ALJ gave little

weight to Dr. Thomas' contradicted opinions because the doctor:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 10 -

(1) performed no objective mental health testing; (2) saw plaintiff on only four occasions (7/14/04, 8/16/04, 9/21/04 and 12/27/04); (3) failed to diagnose a condition meeting the 12 month durational requirement, and (4) failed to take into account plaintiff's substance abuse.  These are specific and legitimate reasons supported by the record for finding Dr. Thomas's opinion entitled to little weight.

Jacqueline Sallade, Ed. D., examined plaintiff on September 8, 2004.  (Tr. 175.)  She diagnosed PTSD, panic disorder with agoraphobia, dysthymic disorder, and mixed personality disorder with borderline and dependent features.  (Tr. 178.)  The ALJ rejected Dr. Sallade's contradicted opinions because she saw plaintiff once, had no records to review in forming her opinion, was unaware of plaintiff's ongoing substance abuse, and her opinion appeared to be based primarily on plaintiff's self-report.  (Tr. 24.)

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible.  (Tr. 24-31.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 11 -

underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when she assessed plaintiff's credibility: the extent of plaintiff's daily activities, multiple inconsistent statements, and the lack of medical support for claimed significant physical limitations. (Tr. 30-31.) The ALJ cites Exhibit 15F, indicating plaintiff's activities in January of 2007 included getting her grandson up, ready, and driving him to school, watching television, cleaning, doing laundry, baking, assisting in caring for her grandson after school, grocery shopping with her spouse, often socializing with family, sewing, and helping her spouse restore automobiles. (Tr. 29, referring to Tr. 272.) The ALJ notes that at the hearing [on September 11, 2006], plaintiff reported significant physical limitations. (Tr. 30.)

The ALJ observes that in September of 2004 [at about age 45] plaintiff told Dr. Sallade she had a history of drug and alcohol use, but not since age 20. (Tr. 24, referring to Exhibit 5F at Tr. 176.) In January of 2005, plaintiff admitted to Ms. English she uses marijuana one to three days a week and to Dr. Puhalla she

occasionally smokes marijuana. (Tr. 23, referring to Tr. 209, 238.) The ALJ notes that plaintiff testified to significant physical limitations.  The record does not reflect treatment for these problems.  Plaintiff has denied physical problems several times.  (Tr. 30, referring to Exhibits 3F/5 and 10F.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ properly discounted several medical opinions based on plaintiff's unreliable self-reporting, including the September 9, 2004 opinion of examining psychologist Dr. Sallade. The ALJ notes Dr. Sallade diagnosed PTSD which was not diagnosed by other treating or evaluating professionals, and her opinion was undermined by the results of Dr. Billings' objective testing. (Tr. 24.)  These are specific legitimate reasons supported by substantial evidence for the weight given to Dr. Sallade's opinion.

The ALJ accorded some weight to Dr. Puhalla's 2005 opinion, "to the extent it reflects difficulties when the claimant is using substances."  (Tr. 25.) At her first appointment on January 26, 2005, plaintiff denied current alcohol or drug use, but admitted

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 13 -

current occasional marijuana use. (Tr. 239.)  Dr. Puhalla assessed
bipolar disorder, nos, panic disorder with agoraphobia, and prior
polysubstance abuse.  (Tr. 24, referring to Exhibit 10F.)  The ALJ
notes that active substance abuse is especially relevant to a
bipolar diagnosis (as mood swings can be related to substance use)
or anxiety disorder. (Tr. 25.)  At the first visit, Dr. Puhalla
changed plaintiff's medication.  At the second and final visit
about a month later, on February 23, 2005, plaintiff's medications
were changed again.  (Tr. 241.)  The ALJ points out that Dr.
Puhalla's assessment appears based primarily on plaintiff's
discredited self-reporting and included no record review.  The ALJ
notes the finding that plaintiff was "alert with good memory of
average intelligence, memory and concentration," despite a global
assessment of functioning of 45.[1]  (Tr. 24.)  The ALJ's reasons
for discrediting some of Dr. Puhalla's assessed limitations are
specific, legitimate, and fully supported by the record.

The ALJ rejected the May 2005 opinion of therapist Sylvia
Macias and another mental health therapist, whose name is not
identifiable:

> [the therapists] reported she had significant memory deficits
> due to her anxiety and depression and she reported difficulty
> being around others.  Alcohol and
> drug use was not a factor.  They diagnosed major
> depression and anxiety disorder, nos.  Marked and
> moderate social and cognitive limits were assessed.
> This opinion is accorded no weight for several reasons.
> First, it is noted that the examiners were counselors,

---

[1]A Global Assessment of Functioning (GAF) of 45 indicates
serious symptoms (e.g., suicidal ideation, severe obsessional
rituals, frequent shoplifting) or any serious impairment in
social, occupational, or school functioning (e.g., no friends,
unable to keep a job).  DIAGNOSTIC AND STATISTICAL MANUAL OF
MENTAL DISORDERS FOURTH EDITION (DSM -IV), at p. 32.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 14 -

not psychologists or psychiatrists.  Second, they had no longitudinal records to review in basing their opinion on a one-time evaluation.  Third, their assessment was based solely on the claimant's self-report, as no objective testing was administered, yet the claimant is not credible and exaggerates.  Fourth, it is contradicted by other medical opinion evidence. Finally they were not aware that the claimant was using marijuana which could have influenced their assessment.

(Tr. 25.) The ALJ rejected the June 2005 opinion of John McRae, Ph. D. (Exhibit 8F at Tr. 199), because it was evidently based on the discredited report of Ms. Macias.  (Tr. 25.)

The ALJ notes plaintiff began mental health treatment with Anne English, ARNP, in July of 2005.  (Tr. 25, citing Exhibit 9F/9-12).  The ALJ observes inconsistencies between plaintiff's intake responses and self-reporting elsewhere in the record. Plaintiff told Ms. English she used cocaine, crank, and marijuana a great deal as a teenager and currently used marijuana for sleep, but, the ALJ notes, plaintiff did not say how much she used.  (Tr. 25.) Plaintiff reported current olfactory and visual hallucinations; the ALJ notes plaintiff denied psychotic symptoms in February of 2005. (Tr. 26, comparing Tr. 214 with Tr. 241.) The ALJ points out plaintiff told Ms. English she was given a CT scan due to olafactory hallucinations.  Medical records indicate the scan was performed because plaintiff complained of syncope, collapse, and dizziness.  (Tr. 25-26, *Cf*. Tr. 209 *with* Tr. 162.) The ALJ notes other areas of inconsistencies in plaintiff's reporting to Ms. English, including descriptions of physical and mental abuse as a child, of her family's history of mental illness, and of numerous past suicide attempts, all of which are directly contradicted by plaintiff's statements elsewhere or are

unsupported by the record.  (Tr. 26.)  Ms. English diagnosed a generalized anxiety disorder, panic disorder with agoraphobia, and major depression; rule out cannabis dependence and mood disorder due to head trauma/tumor.  She prescribed vistaril and cymbalta. (Tr. 26, citing Exhibit 9F.)

The ALJ observes that by late July of 2005, Ms. English notes plaintiff was smiling, laughing and more relaxed with improved sleep.  Treatment continued with several medication changes through April of 2006.  (Tr. 26, referring to Exhibit 9F.)  The ALJ gave some weight to Ms. English's assessment in August of 2006 that plaintiff suffered moderate and marked limitations, when substance abuse is included.  (Tr. 27, referring to Exhibit 12F.) The ALJ did not credit the opinion when DAA is excluded because Ms. English indicated that "substance abuse issues never came up," her assessments are contradicted by Dr. Billings' objective tests, the opinion appears based on plaintiff's unreliable self-reporting, and Ms. English is a not a psychiatrist or psychologist.  (Tr. 27.) The ALJ similarly discredited the opinion rendered the same day by therapist Melissa Morfin as based on plaintiff's reporting, her status as a therapist, and Ms. Morfin's statement that "Client's report of marijuana use has never come up as a problem in regards to both medical and/or psychiatric."  (Tr. 27, citing Exhibit 11F/2.)  The ALJ's reasons are specific, legitimate, and fully supported.

The ALJ relied on the January 2007 results of Dr. Billings' testing.  (Tr. 27 referring to Exhibit 15F.)  Testing showed average to superior memory, and exaggeration but not malingering. Dr. Billings diagnosed a cannabis-induced anxiety disorder,

bipolar disorder II, and personality disorder with dependent and histrionic characteristics.  (Tr. 276.)  The ALJ notes:

> She opined the claimant had no memory deficits.  It
> was opined her anxiety was related to her marijuana
> abuse [and] has been present since her anxiety symptoms
> were reported[2].  Based on the claimant's substance abuse
> and reported anxiety, Dr. Billings assessed a moderate
> limitation on the claimant's ability to work with or
> near others without being distracted by them; and to set
> realistic goals and make plans independently of others.
> Based on the claimant's reported history, she also
> assessed a moderate limitation in accepting instructions
> and responding appropriately to criticism from supervisors.
> A moderate limitation was also assessed
> in maintaining socially appropriate behavior based on
> the claimant's [observed] hand wringing.  She
> specifically noted that symptom exaggeration and
> substance abuse contributed to the claimant's
> limitations.  Drug testing administered the next day
> was negative for drug use.

Tr. 28.)

The ALJ points out that test results showed no difficulties with concentration, persistence, memory or pace.  The negative drug screen supports the inference that, absent such use, plaintiff's functional deficits are minimal.  (Tr. 28.)

The ALJ considered and relied on the opinion of Dr. McKnight, who reviewed the complete medical record, including Dr. Billing' assessment.  (Tr. 28-29.)  The ALJ notes Dr. McKnight concluded plaintiff's anxiety and depression were related to her marijuana use.  He opined that she has borderline and histrionic personality features, but does not meet the diagnostic criteria for a personality disorder.  Dr. McKnight noted plaintiff has been

---

[2]Dr. Billings stated: "It is my opinion that her anxiety may be attributed to her use of marijuana.  She states that her marijuana use has continued for approximately two years, which is the same reported time that her anxiety has been present."  (Tr. 276.)

able to work in the past despite these characteristics. He opined that there is no support for diagnosing a bipolar or panic disorder, other than plaintiff's self-report. (Tr. 283.) The ALJ indicates Dr. McKnight opined that Dr. Billings did not note any personality factors that impacted functioning, and performance on memory testing was excellent, undercutting plaintiff's memory complaints. Dr. McKight pointed out that there is no indication of serious behavior problems; plaintiff's daily activities, including the ability to care for her grandson, reflect a lack of serious impairment. The ALJ notes Dr. McKnight's opinion that the medical evidence does not support problems with panic attacks, depression, hallucinations, or attending and concentrating. Dr. McKnight concluded that impairments diagnosed in the past were primarily based on self-reporting with scant attention given to drug use. (Tr. 29, referring to Exhibit 16F.) He opined that, absent drug use, plaintiff has no limitations in functioning.

The ALJ notes plaintiff's testimony that she thought her panic attacks began around 2001, they came on when she was in crowds, and required her to take a break for about 15 minutes. (Tr. 29.) After the panic attacks started, plaintiff began having concentration problems. The ALJ notes testimony describing visual and olfactory hallucinations. The ALJ found plaintiff was credible only to the extent she described her limitations when substance abuse is included. (Tr. 30.) As noted, the ALJ found plaintiff disabled when DAA is included.

It is the plaintiff's burden to show that DAA is not material to the disability determination. *Ball v. Massanari*, 254 F. 3d 817, 823 (9th Cir. 2001). Plaintiff has not met her burden.

**B.    Alternative step two finding**

Plaintiff argues the ALJ erred in her alternative step two analysis by finding that, absent substance abuse, plaintiff suffers no severe impairment.  The ALJ found plaintiff's severe impairments include marijuana abuse and a marijuana induced anxiety disorder.  When substance abuse is excluded, plaintiff does not suffer from severe impairments.  Plaintiff's second argument, that the ALJ erred by failing to find a severe impairment when DAA is excluded, is subsumed by the first, challenging the weight the ALJ gave to all of the medical opinion evidence.

The ALJ relied on evidence in addition to the testimony of the nonexamining medical expert in rejecting some of the other medical opinions.  This additional evidence included the opinion of examining psychologist Dr. Billings, who performed objective testing, plaintiff's lack of credibility, and rejecting the opinions of health professionals who based their opinions on plaintiff's unreliable self-reporting.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons supported by

the record for finding plaintiff's allegations not fully credible.
The ALJ weighed the medical evidence and failed to adopt some of
the opinions of some treating and examining professionals.
Instead, the ALJ relied on the opinions of other examining and
consulting physicians and on her assessment of plaintiff's
credibility.  The ALJ gave specific and
legitimate reasons, supported by substantial evidence, for
rejecting some of the diagnoses and assessed limitations.  The
ALJ's assessment of the medical and other evidence is supported
by the record and free of legal error.

CONCLUSION

Having reviewed the record and the ALJ's conclusions, this
court finds that the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is
**GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is
**DENIED.**

The District Court Executive is directed to file this Order,
provide copies to counsel for Plaintiff and Defendant, enter
judgment in favor of Defendant, and **CLOSE** this file.

DATED this 6th day of November, 2008.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28